UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
ST. LOUIS DIVISION

FRED NEKOUEE, Individually, :
:
       Plaintiff, :
:
vs. : Case No.  4:17-cv-01468-JMB
:
H.V. REAL ESTATE CORPORATION, :
a Missouri Corporation, and NORMA J. :
YELTON & WILLIAM E. YELTON, :
SUCCESSOR CO-TRUSTEES OF THE :
LEONARD E. YELTON REVOCABLE :
LIVING TRUST DATED MARCH 8, 2000, :
:
       Defendants. :
_____/

**FIRST AMENDED COMPLAINT**
(Injunctive Relief Demanded)

    PLAINTIFF, FRED NEKOUEE, Individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendants, H.V. REAL ESTATE CORPORATION, a Missouri Corporation, and NORMA J. YELTON & WILLIAM E. YELTON, SUCCESSOR CO-TRUSTEES OF THE LEONARD E. YELTON REVOCABLE LIVING TRUST DATED MARCH 8, 2000 (sometimes referred to as "Defendants"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

    1.    Plaintiff, Fred Nekouee, is an individual who resides in Marietta, GA, in the County of Cobb.

2. Defendants' properties, Taco Bell, are located in St. Louis County, MO, as follows:

**H.V. Real Estate Corporation, Owner**

**TACO BELL**
12420 St. Charles Rock Rd.
Bridgeton, MO  60344

**Norma J. Yelton & William F. Yelton, Successor Co-Trustees of the Leonard E. Yelton Revocable Living Trust dated March 8, 2000, Owner**

**TACO BELL**
2024 McKelvey Road
Maryland Heights, MO  63043

3. Venue is properly located in the Eastern District of Missouri because venue lies in the judicial district of the properties' situs.  The Defendants' properties are located in and do business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202.

5. Plaintiff Fred Nekouee is a Georgia resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Fred Nekouee has progressive multiple sclerosis and requires the use of a wheelchair for mobility.

6. Plaintiff Fred Nekouee has a brother who he frequently travels with, and he has travelled to both Bridgeton, MO and Maryland Heights, MO, and the surrounding areas, where the Taco Bell restaurants enumerated specifically in this First Amended Complaint, are located.  Plaintiff has been going to Taco Bell restaurants, and has gone to the Taco Bell in Bridgeton and in Maryland Heights, MO, and in the surrounding areas.  Plaintiff Fred Nekouee plans to return to the properties in the near future, to accompany his brother to heavy equipment auctions, and to avail himself of the goods and services, and food and beverages, offered to the public at the Taco

2

Bell restaurants. Plaintiff Fred Nekouee is both a bona fide purchaser at the Taco Bell restaurants, and also a Tester.

7. Plaintiff Fred Nekouee travels to Missouri to accompany his brother at heavy equipment auctions, where his brother buys and later sells the heavy equipment. Fred Nekouee has visited the properties which form the basis of this lawsuit and plans to return to the properties to avail himself of the goods and services offered to the public at the properties, and to eat at Taco Bell. The Plaintiff has encountered architectural barriers at the subject properties on several occasions, when travelling to and from Maryland Heights, MO and Bridgeton, MO. The barriers to access that the Plaintiff encountered at the properties have endangered his safety, impaired his ability to park a vehicle, impaired his ability to access the properties, and have impaired his use of the restrooms in the Taco Bells.

8. Defendants own, lease, lease to, or operate places of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The places of public accommodation that the Defendants own, operate, lease or lease to are:

| | |
|---|---|
| **H.V. Real Estate Corporation, Owner**<br><br>**TACO BELL**<br>12420 St. Charles Rock Rd.<br>Bridgeton, MO  60344 | **Norma J. Yelton & William F. Yelton, Successor Co-Trustees of the Leonard E. Yelton Revocable Living Trust dated March 8, 2000, Owner**<br><br>**TACO BELL**<br>2024 McKelvey Road<br>Maryland Heights, MO  63043 |

9. When Fred Nekouee travels with his brother David Nekouee to Missouri for the heavy equipment auctions, he prefers to eat at quick and inexpensive restaurants near major roads, which are located conveniently for him, and which he is familiar with as a result of the presence of franchises within the State of Missouri.

3

10. Fred Nekouee has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this properties as described but not necessarily limited to the allegations in paragraph 12 of this First Amended Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants. Fred Nekouee desires to visit the Taco Bells not only to avail himself of the goods and services available at the properties but to assure himself that these properties are in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the properties without fear of discrimination.

11. The Defendants have discriminated against the individual by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

12. The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). Preliminary inspection of the Taco Bells has shown that violations exist. The violations that Fred Nekouee personally encountered or observed, and were confirmed by his brother, David Nekouee, a civil engineer, include, but are not limited to:

> **TACO BELL**
> **12420 ST. CHARLES ROCK RD**
> **BRIDGETON, MO  60344**
>
> **PARKING AND ACCESSIBLE ROUTE**
>
> a. In the parking lot, the two parking spaces for disabled patrons do not have the signage and international symbol of accessibility required by the Federal Law

2010 ADAAG §§§ 208, 502.6 and 703.7.2.1, resulting in Plaintiff's being denied accessible parking..

  b. Van accessible parking space width is 114 inches and less than 132 inches (3350 mm), the minimum required by the ADAAG §502.3 when the access isle width is 60 inches.

  c. In the parking lot, the parking space for disabled patrons have excessive running slope, as high as 1:26.3 (3.8%), which is higher than the allowed 1:48 (2%) slope, in violation of Federal Law 2010 ADAAG § 502.4, making it difficult for Fred Nekouee in his wheelchair.

  d. In the parking lot, the parking space for disabled patrons with van have excessive running slope, as high as 1:24.4 (4.1%), which is higher than the allowed 1:48 (2%) slope, in violation of Federal Law 2010 ADAAG § 502.4.

  e. In the parking lot, the running slope of the access aisle serving the disabled parking spaces is 1:18.5 (5.4%), which exceeds the 1:48 (2%) in violation of Federal Law 2010 ADAAG § 502.4, creating a dangerous condition for Fred Nekouee in his wheelchair.

  f. The slope of the accessibility ramp is 1:5.8 (17.3%) which is dangerously greater than the 1:12 (8%) permitted, in violation of Federal Law 2010 ADAAG §§ 106.4, 406.2, making it difficult for Plaintiff Fred Nekouee to access the ramp, and creating a risk of injury to Mr. Fred Nekouee.

  g. The transition from the access aisles of the parking place marked for disabled use, to the curb ramp leading to the accessible route to the restaurant, contains change of level of 0.75 inches and greater than 0.5 inches, in violation of Federal Law 2010 ADAAG §§ 303.3, 405.4.

  **FOOD SERVICE AREA AND DOOR**

  h. Door force needed to open the restaurant door is 13 pounds which exceeds the maximum allowed force of 5 pounds (22.2 N) which is the maximum force pertaining to the continuous application of force necessary to fully open a door as required by Federal Law 2010 ADAAG § 404.2.9, making it difficult for Plaintiff Fred

5

Nekouee to open the door.

i. The counters throughout the facility is 37 inches in excess of the maximum allowed counter height of 36 inches, in violation of Federal Law 2010 ADAAG § 904.4.1 whose resolution is readily achievable.

j. The soda machine dispenser is installed at 52 inches and higher than 44 inches where the reach depth exceeds 20 inches (510 mm) as required by Federal Law 2010 ADAAG § 308.2.2.

**MEN'S RESTROOM**

k. Door force needed to open the restroom door is 9 pounds which exceeds the maximum allowed force of 5 pounds (22.2 N) which is the maximum force pertaining to the continuous application of force necessary to fully open a door as required by Federal Law 2010 ADAAG § 404.2.9, making it difficult for Plaintiff Fred Nekouee to open the door.

l. The restroom door clear wall space is 5 inches and less than 18 inches which is the minimum maneuver clearance on the pull side of the restroom door as required by Federal Law 2010 ADAAG § 404.2.4, making it difficult for Plaintiff Fred Nekouee to open the door.

m. The restroom does not have the signage and international symbol of accessibility required by the Federal Law 2010 ADAAG §§ 703.7.2.1.

n. The front approach minimum maneuvering perpendicular width in a push door is 30 inches and less than 48 inches as required by Federal Law 2010 ADAAG Sections §404.2.4.

o. The standard stall of 60" × 60" does not exist, the existing stall width is 41 inches and does not provide the required clear floor spacing and turning space which is in violation of Federal Law 2010 ADAAG Sections §§§ 304.3; 305 and 304.3.

p. The rear grab wall only extends 16.5 inches and 19.5 inches from the centerline of the water closet and does not extend the minimum of 12 inches (305 mm) on one side and 24 inches (610 mm) on the other side which is in violation of Federal

6

Law 2010 ADAAG §§ 604.5.2.

q.     The toilet paper dispenser is outside the reach range; the dispenser centerline is zero inches from the front of the water closet and not between 7 inches minimum and 9 inches maximum , which is in violation of Federal Law 2010 ADAAG § 604.7.

r.     The distance from the toilet centerline to the side wall is 19 inches where the distance shall be 16 inches (405 mm) minimum and 18 inches (455 mm) maximum from the side wall which violates Federal Law 2010 ADAAG § 604.2.

s.     The paper towel dispenser outlet is 54 inches above the floor, outside the reach range of individual in wheelchair, minimum of 15 inches (380 mm) maximum of 48 inches (1220 mm), in violation of Federal Law 2010 ADAAG §§ 604.2, 604.7.

t.     The bottom edge of the mirror's reflecting surface is 45.5 inches above the finished floor which is higher than the maximum allowed height of 40 inches to permit an individual in a wheelchair to use the mirror, which violates the Federal Law 2010 ADAAG §603.3.

u.     The lavatory sink does not have the clear floor or ground space, and the space underneath is blocked by trash bin is blocked and the knee and toe clearance is not provided as required by ADAAG §§ 305, 306.2.3.

v.     The lavatory pipes under the sink are not insulated as required by Federal Law 2010 ADAAG §§ 606.3 and 606.5.

w.     The water closet or toilet does not have the flush control mounted on the open and wide side of the clear floor space, in violation of Federal Law 2010 ADAAG §§ 404.2.7, 604.2, 604.7.

x.     In the restroom, the door handle requires tight grasping and pinching of the wrist and cannot be opened with a closed fist or loose grip in violation of Federal Law 2010 ADAAG § 309.4 and 404.2.7.

**WOMEN'S RESTROOM**

y.     Door force needed to open the restroom door is 9 pounds which exceeds the maximum allowed force of 5 pounds (22.2 N) which is the maximum force

pertaining to the continuous application of force necessary to fully open a door as required by Federal Law 2010 ADAAG § 404.2.9.

z. The restroom door clear wall space is 8 inches and less than 18 inches which is the minimum maneuver clearance on the pull side of the restroom door as required by Federal Law 2010 ADAAG § 404.2.4.

aa. The front approach minimum maneuvering perpendicular width in a push door is 40 inches and less than 48 inches as required by Federal Law 2010 ADAAG Sections §404.2.4.

bb. The standard stall of 60" × 60" does not exist, the existing stall width is 44 inches and does not provide the required clear floor spacing and turning space which is in violation of Federal Law 2010 ADAAG Sections §§§ 304.3; 305 and 304.3.

cc. The rear grab wall only extends 18 inches and 18 inches from the centerline of the water closet and does not extend the minimum of 12 inches (305 mm) on one side and 24 inches (610 mm) on the other side which is in violation of Federal Law 2010 ADAAG §§604.5.2.

dd. The toilet paper dispenser is outside the reach range; the dispenser centerline is 0 inches from the front of the water closet and not between 7 inches minimum and 9 inches maximum , which is in violation of Federal Law 2010 ADAAG § 604.7.

ee. The distance from the toilet centerline to the side wall is 20.5 inches where the distance shall be 16 inches (405 mm) minimum and 18 inches (455 mm) maximum from the side wall which violates Federal Law 2010 ADAAG § 604.2.

ff. The paper towel dispenser outlet is 49 inches above the floor, outside the reach range of individual in wheelchair, minimum of 15 inches (380 mm) maximum of 48 inches (1220 mm), in violation of Federal Law 2010 ADAAG §§ 604.2, 604.7.

gg. The bottom edge of the mirror's reflecting surface is 46 inches above the finished floor which is higher than the maximum allowed height of 40 inches to permit an individual in a wheelchair to use the mirror, which violates the Federal Law 2010 ADAAG § 603.3.

hh. The lavatory pipes under the sink are not insulated as required by Federal Law 2010 ADAAG §§ 606.3 and 606.5.

ii. The water closet or toilet does not have the flush control mounted on the open and wide side of the clear floor space, in violation of Federal Law 2010 ADAAG §§ 404.2.7, 604.2, 604.7.

jj. In the restroom, the door handle requires tight grasping and cannot be opened with a closed fist or loose grip in violation of Federal Law 2010 ADAAG § 309.4 and 404.2.7.

kk. The hook is installed at 51 inches from the floor and higher than maximum reach of 48 inches from the finished floor which is in violation of Federal Law 2010 ADAAG §§ 404.2.7 and 603.4.

**TACO BELL**
**2024 MCKELVEY RD**
**MARYLAND HEIGHTS, MO  63043**

**PARKING**

a. In the parking lot, there is no parking spaces for disabled patrons with van accessible signage as required by Federal Law 2010 ADAAG §§ 703.7.2.1 and 502.6.

b. The cross slope of the walking surface is 1:25.6 (3.9%) and exceeds 1:48 (2%) in violation of Federal Law 2010 ADAAG § 403.3, making it difficult for Plaintiff Fred Nekouee to access in his wheelchair.

c. The access aisle serving accessible parking spaces does not connect to an accessible route towards the ramp and the disabled patron has to enter traffic lanes to reach the ramp in violation of the ADAAG §502.3.

**INTERIOR FOOD SERVICE AREA AND ENTRANCE DOOR**

d. Door force needed to open the restaurant door is 10 pounds which exceeds the maximum allowed force of 5 pounds (22.2 N) which is the maximum force pertaining to the continuous application of force necessary to fully open a door as

9

required by Federal Law 2010 ADAAG § 404.2.9.  As a result, it was difficult for Plaintiff Fred Nekouee to open the door and gain entrance.

  e. The restaurant door handles require tight grasping and cannot be opened with a closed fist or loose grip in violation of Federal Law 2010 ADAAG § 309.4 and 404.2.7.

  f. The soda machine dispenser is installed at 55 inches and higher than 48 inches when reach depth is less than 20 inches as required by Federal Law 2010 ADAAG § 308.2.2.

  **MEN'S RESTROOM**

  g. Door force needed to open the restroom door is 13 pounds which exceeds the maximum allowed force of 5 pounds (22.2 N) which is the maximum force pertaining to the continuous application of force necessary to fully open a door as required by Federal Law 2010 ADAAG § 404.2.9, making it difficult for Plaintiff Fred Nekouee to open the door..

  h. The restroom does not have the signage and international symbol of accessibility required by the Federal Law 2010 ADAAG §§ 703.7.2.1.

  i. The restroom door opening is 28 inches and less than 32 inches which is the minimum clear door opening width as required by Federal Law 2010 ADAAG §404.2.3, making it difficult for Plaintiff Fred Nekouee to access the door.

  j. The restroom door pull side maneuvering clearance in a front approach beyond the latch and parallel to the doorway is 4  inches and less than 18 inches which is the minimum clearance as required by Federal Law 2010 ADAAG Section 404.2.4, making it difficult for Plaintiff Fred Nekouee to maneuver through the door.

  k. The standard stall of 60" × 60" does not exist, the existing stall width is 57 inches and does not provide the required clear floor spacing and turning space which is in violation of Federal Law 2010 ADAAG Sections §§§ 304.3; 305 and 304.3.

  l. The seat height of the water closet above the finish floor is 16 inches which is less than 17 inches (430 mm) minimum and 19 inches (485 mm) maximum measured to the top of the seat as required by the  ADAAG § 604.4.

  m. The restroom lacks a rear grab bar that would permit an individual in a wheelchair to use the water closet (toilet) in violation of Federal Law 2010 ADAAG §§ 604, 609.4.

  n. The turning space width is 25 inches and does not have the minimum diameter of 60 inches (1525 mm) as the minimum in violation of Federal Law 2010 ADAAG Sections §§ 304.3.1; 304.3.2.

  o. The lavatory sink does not have the clear floor or ground space, and the space underneath is blocked by trash bin is blocked and the knee and toe clearance is not provided as required by ADAAG §§ 305, 306.2.3.

  p. The lavatory pipes under the sink are not insulated as required by Federal Law 2010 ADAAG §§ 606.3 and 606.5.

  q. The distance from the toilet centerline to the side wall is 14.5 inches where the distance shall be 16 inches (405 mm) minimum and 18 inches (455 mm) maximum from the side wall which violates Federal Law 2010 ADAAG § 604.2.

  r. The paper towel dispenser outlet is 50 inches above the floor, outside the reach range of individual in wheelchair, minimum of 15 inches (380 mm) maximum of 48 inches (1220 mm), in violation of Federal Law 2010 ADAAG §§ 604.2, 604.7.

  s. The bottom edge of the mirror's reflecting surface is 51 inches above the finished floor which is higher than the maximum allowed height of 40 inches to permit an individual in a wheelchair to use the mirror, which violates the Federal Law 2010 ADAAG § 603.3.

  t. The water closet or toilet does not have the flush control mounted on the open and wide side of the clear floor space, in violation of Federal Law 2010 ADAAG §§ 404.2.7, 604.2, 604.7.

  u. The light switch is 54 inches above the floor, outside the reach range of individual in wheelchair, maximum of 48 inches (1220 mm), in violation of Federal Law 2010 ADAAG §§ 604.2, 604.7.

      v.      In the restroom, the door handle requires tight grasping, pinching, or twisting of the wrist and cannot be opened with a closed fist or loose grip in violation of Federal Law 2010 ADAAG § 309.4 and 404.2.7.

### WOMEN'S RESTROOM

      w.      The restroom door pull side maneuvering clearance in a latch approach perpendicular to the doorway is 34 inches where wall clearance is at least 24 inches. This maneuvering clearance is less than 48 inches which is the minimum clearance as required by Federal Law 2010 ADAAG Sections §404.2.4.

      x.      There are no rear grab bars in the accessible toilet stall. (ADAAG Sections 604; 609.4)

      y.      The circular cross section of the grab bars diameter is 0.5 and not between the minimum of 1¼ inches (32 mm) and maximum of 2 inches (51 mm) as required by the ADAAG §§ 609.2.2 and 609.2.1.

      z.      The lavatory pipes under the sink are not insulated as required by Federal Law 2010 ADAAG §§ 606.3 and 606.5.

      aa.      The toilet paper dispenser is outside the reach range; the dispenser centerline is 0 inches from the front of the water closet and not between 7 inches minimum and 9 inches maximum , which is in violation of Federal Law 2010 ADAAG § 604.7.

      bb.      The distance from the toilet centerline to the side wall is 25 inches where the distance shall be 16 inches (405 mm) minimum and 18 inches (455 mm) maximum from the side wall which violates Federal Law 2010 ADAAG § 604.2.

      cc.      The paper towel dispenser outlet is 51 inches above the floor, outside the reach range of individual in wheelchair, minimum of 15 inches (380 mm) maximum of 48 inches (1220 mm), in violation of Federal Law 2010 ADAAG §§ 604.2, 604.7.

      dd.      The light switch is 54.5 inches above the floor, outside the reach range of individual in wheelchair, maximum of 48 inches (1220 mm), in violation of Federal Law 2010 ADAAG §§ 604.2, 604.7.

  ee. The bottom edge of the mirror's reflecting surface is 51 inches above the finished floor which is higher than the maximum allowed height of 40 inches to permit an individual in a wheelchair to use the mirror, which violates the Federal Law 2010 ADAAG § 603.3.

  ff. The water closet or toilet does not have the flush control mounted on the open and wide side of the clear floor space, in violation of Federal Law 2010 ADAAG §§ 404.2.7, 604.2, 604.7.

  gg. In the restroom, the door hardware handle requires tight grasping, pinching, or twisting of the wrist and cannot be opened with a closed fist or loose grip in violation of Federal Law 2010 ADAAG § 309.4 and 404.2.7.

  hh. The hook is installed at 61 inches from the floor and higher than maximum reach of 48 inches from the finished floor which is in violation of Federal Law 2010 ADAAG §§ 404.2.7 and 603.4.

13. All of the foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

14. The discriminatory violations described in paragraph 12 are not an exclusive list of the Defendants' ADA violations. Plaintiff requires the inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided

by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

15. Defendants have discriminated against the individual by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its places of public accommodation or commercial facilities in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

16. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendants, a remedy in equity is warranted.

17. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

18. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its places of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' places of public accommodation since January 26,

1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facilities are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facilities were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

19. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

20. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants to alter the Taco Bells to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facilities until such time as the Defendants cure their violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to

require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

    c.    An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

    d.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully submitted,

Dated: June 8, 2017

*/s/ Lawrence A. Fuller*
Lawrence A. Fuller, Esq., *pro hac vice*
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
lfuller@fullerfuller.com
and
Robert J. Vincze, Esq. (MO #37687)
Depew Gillen Rathbun & McInteer, LC
8301 East 21st Street North, Suite 450
Wichita, KS 67206-2936
316.262.4000
316.265.3819 - facsimile
robert@depewgillen.com

Counsel for Plaintiff Fred Nekouee

16

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of June, 2017, a true and correct copy of the foregoing document was electronically filed via the Court's CM/ECF System, which will automatically generate notice to Counsel for Defendant, H. Carlton Hilson Esq., &  K. Bryance Metheny, Esq., BURR & FORMAN LLP, 420 North 20th Street - Suite 3400, Birmingham, AL 35203.

>*/s/  Lawrence A. Fuller*
>Lawrence A. Fuller, Esq., pro hac vice
>FULLER, FULLER & ASSOCIATES, P.A.
>12000 Biscayne Boulevard, Suite 502
>North Miami, FL 33181
>Telephone: (305) 891-5199
>Facsimile:  (305) 893-9505
>lfuller@fullerfuller.com