UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FRED NEKOUEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:17 CV 1468 (JMB) |
| ) | |
| H.V. REAL ESTATE CORPORATION, ) | |
| and NORMA J. YELTON and WILLIAM E. ) | |
| YELTON, successor co-trustees of ) | |
| the Leonard E. Yelton Revocable ) | |
| Living Trust Dated March 8, 2000, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the separate motions of defendants H.V. Real Estate Corporation ("H.V.") and Norma Yelton and William Yelton (collectively, "the Yeltons") to dismiss for lack of standing, pursuant to Rules 12(b)(1) and 12(b)(6), Fed.R.Civ.P. Plaintiff Fred Nekouee filed responses in opposition to the motions. All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

### **I.    Factual Background**

Plaintiff lives in Marietta, Georgia. Plaintiff has progressive multiple sclerosis and requires the use of a wheelchair for mobility. Defendant H.V. owns, operates or leases a Taco Bell restaurant located in Bridgeton, Missouri; the Yelton defendants own, operate or lease a Taco Bell restaurant in Maryland Heights, Missouri. Plaintiff states in his first amended complaint and affidavit that he travels to Bridgeton and Maryland Heights with his brother to attend heavy equipment auctions. He further states that when he and his brother travel for these auctions, they prefer to eat at quick and inexpensive restaurants conveniently located close to

1

major roads. As such, plaintiff states that he and his brother have patronized both of defendants' Taco Bell restaurants when traveling in the area. He further states that in the near future when he accompanies his brother on upcoming equipment auctions, he intends to return to the properties and to avail himself of the goods and services offered to the public at the restaurants.

Plaintiff alleges that defendants' restaurants violate Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12181 *et seq*. In particular, he claims that he encountered conditions or barriers that endangered his safety, and impaired his abilities to park a vehicle, access the properties, and use the restrooms. Plaintiff claims that he and all other individuals similarly situated continue to suffer from the defendants' failure to make modifications to their discriminatory policies, practices and procedures. He seeks declaratory and injunctive relief, along with attorney's fees and expenses. Defendants argue that plaintiff does not have standing to bring suit under the ADA.

## II. **Legal Standard**

Although defendants invoke both Rules 12(b)(1) and 12(b)(6) as the appropriate standards under which the Court should rule on their motions, the Court determines that Rule 12(b)(1) applies. "[I]f a plaintiff lacks standing, [a court] has no subject matter jurisdiction. Therefore, a standing argument implicates Rule 12(b)(1)." Faibisch v. Univ. of Minn., 304 F.3d 797, 801 (8th Cir. 2002); see also Disability Support All. v. Geller Family Ltd. P'ship III, 160 F. Supp. 3d 1133, 1135-6 (D. Minn. 2016) (same); Norkunas v. Wynn Las Vegas, LLC, 343 F. App'x 269, 270 (9th Cir. 2009) ("Standing under Article III of the Constitution is a constitutional limitation on a court's subject matter jurisdiction and cannot be granted by statute . . . . Because Article III is a true jurisdictional question, rather than a question about the sufficiency of the claim, it is properly addressed in a 12(b)(1) motion.").

"A court deciding a motion under Rule 12(b)(1) must distinguish between a 'facial attack' and a 'factual attack.'" Disability Support, 160 F. Supp. 3d at 1136 (citing Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir. 1990)). In a facial attack, the court can only consider the "face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." Id. By contrast, "in a factual attack, the court considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards." Id. Defendants' motion is a factual attack on the amended complaint. As such, the Court has considered the affidavit plaintiff submits in opposition to defendants' motions.

**III.   Discussion**

To satisfy Article III standing requirements, plaintiff must demonstrate: (1) that he suffered an injury in fact; (2) a causal connection between the injury and the defendants' conduct; and (3) that the injury will likely be redressed by a favorable ruling. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992); Steger v. Franco, Inc., 228 F.3d 889, 892 (8th Cir. 2000). Defendants contend that plaintiff has failed to allege sufficient facts to establish the first requirement — injury in fact. And, because plaintiff seeks injunctive relief, he must allege facts giving rise to an inference that he will suffer future discrimination by the defendants. See Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001) ("In ADA cases, courts have held that a plaintiff lacks standing to seek injunctive relief unless he alleges facts giving rise to an inference that he will suffer future discrimination by the defendant."). Therefore, to have standing, plaintiff must show past injury and a real and immediate threat of future injury. Houston v. Marod Supermarkets, Inc., 733 F.3d 1323, 1329 (11th Cir. 2013).

**A.   Injury-in-Fact**

An injury-in-fact is a harm that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." Franco, Inc., 228 F.3d at 892 (citation omitted). Defendants argue that plaintiff fails to establish that he "has in fact suffered concrete and particularized harm." [Doc. # 25 at 5]. In particular, defendants argue that plaintiff's first amended complaint fails to specify "(1) the date and time when he was allegedly denied 'access' to the restaurant or (2) what 'concrete and particularized injury' plaintiff allegedly suffered." Id.

The Western District of Missouri addressed a similar case in Adams v. Capko, Capko & Griffith, LLC, No. 6:15-CV-3346-MDH, 2015 WL 7738374 (W.D. Mo. Nov. 30, 2015). As in the present case, the plaintiff in Adams was confined to a wheelchair. She claimed that she was denied access to "the full and equal enjoyment of" the defendant's hotel facilities due to certain "architectural barriers for persons in wheelchairs." Id. She stated in an affidavit that she traveled to the area often to visit her family and friends, and that she planned to return to defendant's hotel on these trips "but for the barriers in existence that deter her from doing so." Id. The court held that Adams "sufficiently established injury in fact to bring suit" because "Plaintiff's allegations, supported by Plaintiff's affidavit, sufficiently establish that Plaintiff had knowledge of the alleged barriers at Defendant's hotel and that Plaintiff would visit the hotel in the immediate future but for those barriers." Id. at *2.

In this case, contrary to defendants' arguments, plaintiff sets forth in his affidavit the specific dates on which he visited each restaurant.[1] [Doc. # 16-1 at ¶¶ 2, 3]. He also identifies specific features of each restaurant that interfered with his ability to safely exit his vehicle, cross the parking lot, open the restaurant door, operate the soda machine, and access and use the

---

[1] Defendant H.V. argues that plaintiff cannot rely on facts set forth in an affidavit to defeat a Rule 12(b)(6) motion. As discussed above, this matter is more properly addressed under Rule 12(b)(1), and thus the Court may consider the additional facts contained in the affidavit.

restrooms.[2] Id. Plaintiff has sufficiently pleaded "actual harm" to satisfy the "injury in fact" requirement.

### B. Threat of Future Injury

Defendants next argue that plaintiff fails to establish a likelihood that he will return to their facilities and suffer future injury. Defendants rely on a four-factor test set out in Brown v. Grand Island Mall Holdings, Ltd., No. 4:09CV3086, 2010 WL 489531 (D. Neb. Feb. 8, 2010): "(1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plan to return, and (4) the plaintiff's frequency of travel near the defendant." Id. at *3; see also Steelman v. Rib Crib No. 18, No. 11-3433-CV-S-RED, 2012 WL 4026686 (W.D. Mo. Sept. 12, 2012) (same). These factors "merely serve as a guide", however, and are not exhaustive when determining whether a plaintiff has sufficiently pleaded the likelihood of future injury. Adams, 2015 WL 7738374, at *3 (internal quotation and citation omitted). Even under the Steelman factors, the Court finds that plaintiff has sufficiently established a likelihood to return to defendants' restaurants. With respect to the first factor, while plaintiff's home in Georgia is more than 550 miles from defendants' restaurants, he attests — and defendants do not refute — that he stays at hotels near defendants' restaurants when he is in Missouri to attend auctions. The second factor does not require extensive past patronage "because a disabled person is not expected or required under the ADA to continue to [use], or attempt to [use], . . . a place of public accommodation that he or she knows is not accessible." Id. With respect to the third factor, plaintiff identified a reason to come to Missouri and a date on which he planned to return to the area. See Access for the Disabled, Inc., et al. v. The Square, LLC, No. 6:97-CV-193-ORL-28JGG, Order at 7 (M.D. Fla.

---

[2] Plaintiff states that in each restaurant he ascertained the men's restroom was not accessible to him. He then went to the women's restroom to see if it was accessible and determined that it had similar barriers to access and use.

5

Oct. 4, 2007) ("It is not necessary [plaintiff] have concrete and specific plans to return in order to establish a threat of future injury so long as she has a nonspeculative intent to do so."); Nekouee v. JRN, Inc., No. 2:16CV874-WHA, 2017 WL 875481, at *3 (M.D. Ala. Mar. 3, 2017) (finding that plaintiff's statement he intended to travel to region "in March and/or June of 2017 and intends to eat" at the defendant's fast food restaurant satisfied definiteness requirement); see also Pickern v. Holiday Quality Foods Inc., 293 F.3d 1133, 1136–37 (9th Cir. 2002) ("[O]nce a plaintiff has actually become aware of discriminatory conditions existing at a public accommodation, and is thereby deterred from visiting or patronizing that accommodation, the plaintiff has suffered an injury."). Finally, although plaintiff does not identify the frequency of his travel in the region, he had made at least two trips at the time he filed the lawsuit and attested to a third trip in the near future. The Court concurs with the district court in the Middle District of Alabama that "the facts of past visits, proximity through travel in the near future, and a definite statement of intent to visit the restaurant when he makes a planned upcoming trip" support a finding of plausible intent to return. Id. at * 4.

Plaintiff is an ADA "tester." [Doc. # 13 at ¶ 6]. Defendants argue that because plaintiff is a "serial ADA Title III" litigator, his "litigious history weighs heavily against him" and "undercuts his 'professed' intent to return." However, "[a]s the Eighth Circuit and other appellate courts have recognized, private litigation serves as an important means to enforce the public policy behind civil rights statutes such as the ADA and serial litigants serve a valuable purpose as private attorneys generals ensuring that the ADA yields its promises of equal access to disabled persons." Adams, 2015 WL 7738374 at *3. An ADA tester's motive is irrelevant to the issue of standing because "the substantive right conferred by statute is to be free from disability discrimination in the enjoyment of the facility . . ." Houston v. Marod Supermarkets,

Inc., 733 F.3d 1323, 1328 (11th Cir. 2013); see also Civil Rights Educ. & Enf't Ctr. v. Hosp. Properties, 867 F.3d 1093, 1102 (9th Cir. 2017) (motivation is "irrelevant to the question of standing under Title III of the ADA"); Colorado Cross Disability Coal. v. Abercrombie & Fitch Co., 765 F.3d 1205, 1211 (10th Cir. 2014) ("Anyone who has suffered an invasion of the legal interest protected by Title III may have standing, regardless of his or her motivation in encountering that invasion."). Plaintiff's status as a tester does not deprive him of standing. Adams, 2015 WL 7738374, at *3; Steelman v. City of Salem, No. 4:12-CV-00191, 2013 WL 1363792, at *4 (E.D. Mo. Apr. 4, 2013) ("In addition, and separately, under the ADA's statutory scheme, 'testers,' *i.e.,* plaintiffs who intend to test the ADA compliance of entities subject to the ADA's requirements, have Article III standing.")

### C. **Plaintiff's "Policies, Practices, or Procedures Claim"**

Plaintiff alleges that defendants continue to discriminate against him and similarly-situated others "by failing to make reasonable modifications in policies, practices or procedures" to ensure that persons with disabilities are not denied access or services. [Doc. # 13 at ¶ 15]. Defendants move for dismissal of plaintiff's allegation because he did not request modifications, and he failed to specify such "policies, practices, and procedures." Paragraph 15 is merely an allegation in support of plaintiff's claim that he was denied access to defendants' restaurants in violation of the ADA and not a separate claim that can be dismissed.

\* \* \* \* \*

In conclusion, the Court finds that plaintiff has sufficiently alleged that he suffered an injury in fact to confer standing to bring his ADA claim.

Accordingly,

7

**IT IS HEREBY ORDERED** that the motion of defendant H.V. Real Estate Corporation to dismiss plaintiff's first amended complaint [Doc. # 15] is **denied**.

**IT IS FURTHER ORDERED** that the motion of defendants Norma J. Yelton and William E. Yelton to dismiss plaintiff's first amended complaint [Doc. # 25] is **denied**.

This matter will be set for Rule 16 Scheduling Conference by separate order.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 2nd day of November, 2017.